## WOOD v. YORK RAILWAYS CO.
### No. 1048.

District Court, M. D. Pennsylvania.
June 13, 1933.

William H. Earnest, of Harrisburg, Pa., for plaintiff.

English, Quinn, Leemhuis & Tayntor, of Erie, Pa., and James J. Powell, of Scranton, Pa., for defendant.

WATSON, District Judge.

Edward S. York brought this bill of complaint on his own behalf as a stockholder of the York Railway Company, a corporation, the defendant, and on behalf of all other stockholders of said corporation.

The bill prays for the appointment of a receiver for the York Railways Company. The York Railways Company has moved to dismiss the bill, and has assigned as reasons: (1) That there is insufficiency of fact to con-

stitute a valid cause of action, or to justify the appointment of receiver; (2) that complainant has failed to comply with Equity Rule No. 27; (3) that gross laches in the plaintiff appears.

As to the second reason, the bill does not show compliance with rule 27 (28 USCA § 723), and it must be determined whether the rule is applicable to this case. The rule embraces "every bill brought by one or more stockholders in a corporation against the corporation and other parties, founded on rights which may properly be asserted by the corporation." To come within the rule, the bill must not only be brought by a stockholder, but it must be brought "against the corporation and other parties," and must also be "founded on the right which may properly be asserted by the corporation." This bill is brought against the corporation alone, and not against "the corporation and other parties," and is not "founded on rights which may properly be asserted by the corporation."

In Havner v. Hegnes, 269 F. 537, 541, Circuit Court of Appeals, Eighth Circuit, it was said by the court: "The objection that equity rule 27 (198 Fed. xxv, 115 C. C. A. xxv) was not complied with so far as plaintiff's complaint is concerned is not well taken. The rule referred to provides that where a corporation has a cause of action against third parties, and it refuses to enforce such cause of action in order to protect the rights of the corporation, a stockholder, if he seeks to enforce this cause of action which might have been asserted by the corporation, must plead the matters stated in rule 27, and in such cases the corporation by necessity is made defendant, because it has refused to be plaintiff. The rule is not applicable to the present case. The plaintiff is both a creditor and a stockholder, and the proceeding is directly against the corporation, asserting no right which the corporation could assert in the sense of the rule." And in General Investment Co. v. Lake Shore & M. S. R. Co. (C. C. A.) 250 F. 160, 174: "Nor is relief to be denied on the ground that the allegations of the original petition did not comply with the requirements of equity rule 27 (198 Fed. xxv, 115 C. C. A. xxv) as to bills brought by stockholders against a corporation. This rule relates only to suits 'founded on rights which may properly be asserted by the corporation,' in which the stockholders' rights are indirect and derivative merely, and has no application to a suit brought by a stockholder against the corporation seeking, in his own direct right, to enjoin it from doing an illegal act."

In my opinion, it is unnecessary to determine whether the bill sufficiently complies with the provisions of the rule, and the bill should not be dismissed, because it does not so comply.

The defendant also urges as a reason why the bill should be dismissed that gross laches in the plaintiff appear by his own showing.

▮ What amounts to gross laches depends upon circumstances of each particular case. Hanchett v. Blair (C. C. A.) 100 F. 817. It does not appear that the lapse of time was accompanied by any change in the position of the defendant, undergone solely by reason of the delay, and, under such circumstances, the delay cannot in itself furnish a sufficient reason for sustaining the plea of laches. Kosolapov v. Russo-Asiatic Bank (D. C.) 47 F. (2d) 917. It does not appear that the delay worked an injury or resulted in a disadvantage to the defendant, and, in such a case, the delay is never a bar where the circumstances constitute an excuse. In re Indiana Concrete Pipe Co. (D. C.) 33 F.(2d) 594. In Coram v. Davis et al., 209 Mass. 229, 95 N. E. 298, 302, the court said: "For substantially similar reasons, it cannot be said that the bill shows such laches as to bar the plaintiff. The bill seems to have been brought with reasonable expedition after the decree of the probate court had been made. There is nothing to show that the rights of the defendants have been injuriously affected by delay. There is no fixed rule as to what constitutes laches; it depends upon the circumstances. * * * It may be that when the facts shall have been developed the plaintiff's case will fall in whole or in part by reason of laches or of the statute of limitations, if those defenses are set up, but we cannot say that either of them is shown by the averments of the bill."

The bill does not show such laches as to bar the plaintiff, and, in my opinion, the third reason in support of the motion to dismiss is without merit.

The remaining reason is that there is insufficient fact to justify the appointment of a receiver.

▮ Courts will not take the property of a corporation out of the possession of its owner at a suit of a minority stockholder without there being a very grave necessity therefor. Counsel for the defendant at the argument and in the brief describes conditions, evidence of which the court might desire to have before it on final hearing in order to arrive at a just decision in the case. If, on final hearing, the facts clearly disclose such mismanagement of defendant's business and affairs by its board

of directors as to produce a conviction that further control of the corporation by the said board would result in the destruction of the business and insolvency, or cause great and unnecessary loss to its creditors or stockholders, a receivership properly may be constituted, or other relief accorded the plaintiff. Carson v. Allegany Window Glass Company (C. C.) 189 F. 791; Columbia National Sand Dredging Co. v. Washed Bar Dredging Co. (C. C.) 136 F. 710.

Now, June 13, 1933, the motion to dismiss is denied; the rule to show cause why the bill should not be dismissed is discharged; and defendant is directed to answer the bill of complaint within twenty days from this date.